# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **ROBERT D. BITNER**, | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9903-CC-00108** |
| | ) | |
| vs. | ) | **LAKE COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. 99-7880** |
| | ) | |
| Respondent. | ) | |

**FILED**

**July 9, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## O R D E R

This matter is before the Court upon motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's denial of the petitioner's petition for a writ of habeas corpus. The petitioner was convicted on three counts of aggravated sexual battery and received an effective 24 year sentence. This Court affirmed the convictions and sentence on appeal. State v. Bitner, No. 02C01-9307-CC-00148 (Tenn. Crim. App., May 25, 1994), perm. to app. denied, (Tenn., Aug., 29, 1994). Thereafter, the petitioner filed a petition for post-conviction relief, which was dismissed by the trial court. This Court affirmed the dismissal on appeal. Bitner v. State, No. 02C01-9705-CC-00177 (Tenn. Crim. App., Feb. 24, 1998), perm. to app. denied, (Tenn., Nov. 2, 1998).

In his present petition, the petitioner alleges his convictions are void because 1) he received ineffective assistance of counsel and 2) the racial composition of the grand jury was unconstitutional. The trial court found that neither allegation was a proper subject for habeas corpus relief. On appeal, the petitioner raises the same issues and also claims that the trial court should not have summarily dismissed his petition.

> Habeas corpus relief is available in Tennessee only when "it
> appears upon the face of the judgment or the record of the

proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Since the petitioner's allegation in this case would necessarily involve investigation beyond the face of the judgment or record, the trial court properly denied habeas corpus relief. See id. Moreover, when a petition for writ of habeas corpus fails to state a cognizable claim, the trial court may summarily dismiss the petition. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Since the record reflects the petitioner is indigent, costs of this proceeding shall be taxed to the state.

_____
JOE G. RILEY, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE

2